**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sergio GARZA–GARZA, Defendant–
Appellant.**

No. 04–41535.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, David Hill Peck, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Sergio Garza–Garza (Garza) appeals his guilty plea conviction and sentence for illegal reentry after a previous deportation. For the first time on appeal, Garza argues that the district court erred under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), in sentencing him pursuant to a mandatory application of the Sentencing Guidelines.

Garza's argument that the district court's mandatory application of the Guidelines is "structural" and "not susceptible to harmless error analysis" has been rejected as inconsistent with this court's analysis in *United States v. Mares,* 402 F.3d 511 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005). *See e.g., United States v. Martinez–Lugo,* 411 F.3d 597, 601 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 464, 163 L.Ed.2d 352 (2005). In order to obtain relief, Garza must demonstrate plain error. *See Martinez–Lugo,* 411 F.3d at 600; *see also United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732–33 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005).

The district court's mandatory application of the Guidelines constitutes error that is plain. *See Valenzuela–Quevedo,* 407 F.3d at 733; *Martinez–Lugo,* 411 F.3d at 600. However, Garza has failed to show that the error affected his substantial rights. Although the district court was sympathetic to Garza and sentenced him at the low end of the guidelines range, nothing in the record indicates that it would have sentenced Garza to a lesser sentence if it knew that the Guidelines were merely advisory. *See United States v. Creech,* 408 F.3d 264, 272 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 777, 163 L.Ed.2d 602

---

(2005); *United States v. Bringier,* 405 F.3d 310, 317 & n. 14 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 264, 163 L.Ed.2d 238 (2005). "Neither is a sentencing judge's mere summary of sentencing law as it existed at the time sufficient, where, as here, the summary contains no indication that the district court wished to impose a different sentence." *See Creech,* 408 F.3d at 272. Accordingly, Garza has not satisfied the plain error test.

Also for the first time on appeal, Garza argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Garza's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Garza contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza-Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Garza properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Garza's conviction and sentence are AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.